WILLIAM BOWER, Executor,

*v.*

THE GRAYVILLE AND MATTOON RAILROAD COMPANY.

PARTIES *on appeal. Where the defendant in proceedings to condemn land for right of way has died,* his executor can not properly take an appeal therein, unless it affirmatively appears such executor has some interest in the land by virtue of the will of the testator. Nothing being shown to the contrary, it will be assumed the fee is in the heirs, and not in the executor, and in such case the heirs alone can prosecute an appeal.

APPEAL from the Circuit Court of Richland county.

Messrs. CANBY & EKEY, for the appellant.

Mr. J. M. WILSON, and Messrs. WILSON & HUTCHINSON, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was a proceeding brought by the Grayville and Mattoon Railroad Company to condemn the right of way for its road-bed over lands belonging to various persons, and described in the petition, and among others were lands belonging

to P. P. Bower, since deceased. Commissioners were appointed to assess damages that owners would severally sustain by reason of taking their land and the construction of the road, who made report of their acts and doings to the court.

Pending the proceedings P. P. Bower died, leaving heirs him surviving. to whom his estate would descend. William Bower was appointed executor of the estate of P. P. Bower, deceased.

When the report of the commissioners was filed the heirs of decedent appeared by attorney and made objections to it.

The executor also filed exceptions to the report of the commissioners, and on consideration the same were overruled by the court, and the executor having saved exceptions to the decision of the court, brings the case to this court on appeal.

The railroad company now comes and moves to dismiss the appeal of the executor for the reason the heirs of the owner of the land have not joined in it, and for the further reason the executor has no interest in the subject matter of the litigation, and therefore has no right to prosecute an appeal in his own name.

Our conclusion is, the motion ought to prevail. It does not appear, from anything in the record, that the executor has any interest in the land sought to be condemned. As to it he is a mere stranger, and can not rightfully intermeddle with litigation concerning it. It was for him to show he had an interest in the land itself that would be affected by the proceedings. If he had any such interest it could have been made known by exhibiting the will of the decedent under which he was appointed executor; but that he has not done.

So far as it appears from the record before us, the fee of the land to be condemned is in the heirs of the deceased owner, and not in the executor. Hence the heirs are the only parties that have rights in the estate to be affected by the proceedings, and they alone can prosecute an appeal.

The appeal will be dismissed.

*Appeal dismissed.*